UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK L. SMITH,

                Plaintiff,

v.                                                 Case No. 23-cv-841-pp

RANDALL HEPP
and WAUPUN PRISON,

                Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND REQUIRING PLAINTIFF TO PAY FULL $402 FILING FEE

       Plaintiff Derrick L. Smith, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Dkt. No. 1. He also has aske the court to allow him to proceed without prepaying the filing fee. Dkt. No. 2.

       The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the opportunity to proceed with his lawsuit without prepaying the full case filing fee if he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the filing fee over time, through deductions from his prison account. Id.

       That said, if an incarcerated plaintiff already has filed more than three complaints or appeals that were dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the law requires that

plaintiff to prepay the entire $402 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Commonly known as the "three-strikes" provision of the law, an incarcerated person "strikes out" once he has accumulated three dismissals for the reasons stated by the statute.

The plaintiff has struck out. He has had far more than three strikes assessed to him over the years. See, *e.g.*, Smith v. La Du-Ives, *et al.*, Case No. 17-cv-513-pp, Dkt. No. 6 at 2 (listing strikes the plaintiff has accumulated in sixteen cases in 2012 and 2013); see also id., Dkt. No. 1-2 (listing eleven federal cases in which the plaintiff received a strike).

Because he has struck out, the court may allow the plaintiff to proceed without prepaying the full filing fee only if he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). The Seventh Circuit Court of Appeals has cautioned that in making this determination, courts are not to evaluate the seriousness of a plaintiff's claims. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2002). However, "it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." Taylor v. Watkins, 623 F.3d 483, 485 (7th Cir. 2010). Courts routinely deny requests to proceed without prepaying the full filing fee when the imminent danger allegations are "conclusory or ridiculous," or where they concern only past injuries. Id. (quoting Ciarpaglini, 352 F.3d at 330–31.) In short, "[t]he 'imminent danger' exception to §1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate." Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)).

In the complaint, the plaintiff alleges that since 2014, "all the defendants were aware that the drinking water at Waupun has been contaminated with

substances that are harmful [and] deadly to humans." Dkt. No. 1 at 2. He says "the defendants" have not corrected that problem, so the plaintiff has been "force[d]" to drink the contaminated water. Id. He says he has complained to Waupun Warden Randall Hepp that the water "is brown with a heavy smell of metal," but the warden has not resolved the issue. Id. at 3. The plaintiff says that he has been asking the medical department to take a blood test "to see how much contaminates are negatively affecting him," but his requests have been "disregarded." Id. The plaintiff alleges that he has complained of headaches, "negative issues," poor concentration and chronic pain. Id. He asserts that without "professional medical care, it is impossible to determine how severe the contaminates in the water he is forced to drink for years, hurt, caused him pain and suffering." Id.

The plaintiff's allegations of contaminated water are vague, and the alleged risk to the plaintiff's health is remote and speculative. The plaintiff believes the brownish water is causing his mild physical symptoms, but he has been at five different institutions over the last ten years and for some of that time he was not incarcerated. The Wisconsin Department of Corrections website shows that since 2014, the plaintiff has been at Waupun, Green Bay Correctional Institution, Dodge Correctional Institution, Columbia Correctional Institution and the Marathon County Jail/Sheriff's Department. See Wisconsin DOC Offender Locator, https://appsdoc.wi.gov/lop/details/detail (DOC #344250). The plaintiff also was in a supervised living facility for over a year before he was reincarcerated at Waupun. Id. It is possible that the plaintiff's symptoms are the result of another condition unrelated to Waupun, its water or his incarceration there. Nor does the complaint suggest that the water at Waupun is placing the plaintiff in *imminent* danger of *serious* physical injury.

The court finds that the plaintiff has failed to show he is in imminent danger of serious physical injury. The court will deny the plaintiff's motion to proceed without prepaying the filing fee (dkt. no. 2). If he wishes to proceed with this case, the plaintiff must prepay the full $402 filing fee.

The court **DENIES** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff must prepay the $402 filing fee in time for the court to *receive it* by the end of the day on **August 11, 2023**. The court cautions the plaintiff that if the court does not *receive* the $402 filing fee by the end of the day on August 11, 2023, the court will dismiss the complaint without prejudice and without further notice or hearing.

Dated in Milwaukee, Wisconsin this 19th day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**